IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACOB BAREFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:20-CV-917-WKW |
| | ) [WO] |
| JEFFERSON DUNN, *et al.*,[1] | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court is Defendants' motion to dismiss or, in the alternative, motion to strike. (Doc. # 61.) Defendants argue that Plaintiff's complaint is an improper "shotgun" pleading, and that the allegations fail to state a claim for various reasons, including Eleventh Amendment immunity, qualified immunity, and state-agent immunity. As to the "shotgun" pleading argument, Defendants are correct. Accordingly, the complaint is due to be stricken, and Plaintiff will be afforded an opportunity to amend.

---

[1] At least some Defendants, including Jefferson Dunn and Ruth Naglich, are no longer serving in the positions alleged in Plaintiff's complaint. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, their successors are automatically substituted as defendants to the official capacity claims. Some individual capacity claims may be subject to automatic substitution as well. *See ACLU of Mississippi v. Finch*, 638 F.2d 1336, 1342 (5th Cir. Mar. 13, 1981); *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (adopting as binding precedent for the Eleventh Circuit all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981). Plaintiff should resolve these issues in his amended complaint.

This case arises out of the brutal rape of Jacob Barefield by a fellow inmate, Larry Lowe, on the morning of November 11, 2018.  Barefield, who was an inmate at Ventress Correctional Facility at the time, alleges that prison officials failed in many ways—institutionally and individually—in preventing and responding to the rape.  Barefield now brings claims against twenty-three state officials, ranging from correctional officers to the Governor of Alabama, for declaratory, injunctive, compensatory, and punitive relief under state and federal law.  (Doc. # 1.)

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .  If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."  The Eleventh Circuit has explained that pleadings "that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015), and the court has repeatedly and vehemently condemned such pleadings.  *See Estate of David Bass v. Regions Bank*, 947 F.3d, 1352, 1358 & n.3 (11th Cir. 2020); *see also Weiland*, 792 F.3d at 1321.

Shotgun pleadings fall into "four rough types of categories."  *Weiland*, 792 F.3d at 1323.  The first "is a complaint containing multiple counts where each count

adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third is one that does "not separat[e] into a different count each cause of action or claim for relief." *Id.* And the fourth complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Although not the worst of its kind, the complaint here is nonetheless a "shotgun" pleading in the first and fourth categories. The complaint incorporates more than one hundred twenty paragraphs of allegations into each count, (Doc. # 1, ¶¶ 184, 190, 196, 202, 207, 212), and it lists multiple Defendants in each count without differentiating the personal acts of each Defendant. This action cannot proceed with such an imprecise and uncoordinated complaint.

Further, major elements of Plaintiff's complaint are supported by only conclusory allegations. For example, Count IV, a claim for civil conspiracy under 42 U.S.C. § 1983, contains no non-conclusory factual allegations under the heading. (Doc. # 1 at 65.) For a vast majority of Defendants, Plaintiff does not identify any communication or any facts leading to the plausible inference of communication as needed to support the conspiracy claim. Simply saying that "Defendants . . . reached

an agreement among themselves to deprive Plaintiff of his right to be free from unreasonable harm and fail to intervene to prevent harm from occurring to Plaintiff" is not sufficient to support a plausible claim for conspiracy against, for example, the Governor of Alabama.

The complaint also contains a measure of redundancy. In addition to claims against each Defendant in his or her individual capacity, Plaintiff also brings official-capacity claims against most Defendants. (Doc. # 1 at 13, 17, 20.) Official-capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citations and quotation marks omitted). Naming multiple Defendants who are employed by the same entity is redundant and unnecessary. *Cf. Busby v. City of Orlando*, 931 F.2d 764, 777 (11th Cir. 1991) ("To keep both the City and the officers sued in their official capacity as defendants in this case would have been redundant and possibly confusing to the jury.").

Lastly, the prayer for injunctive relief, which requests that the court "order Defendants to comply with the Constitution and enter an injunction prohibiting Defendants from engaging in further violations of the Eighth Amendment" and to "enter an injunction prohibiting Defendants from further retaliating against Plaintiff," (Doc. # 1 at 67), is not specific enough to give notice of the scope of this action. *See* Fed. R. Civ. P. 65(d)(1). While relief will not be constrained to the

injunctive remedies requested in the complaint, Plaintiff should more specifically identify the medical, structural, or other changes that he demands.

It is therefore ORDERED:

1. Defendants' motion (Doc. # 61) is GRANTED IN PART.

2. Plaintiff's complaint (Doc. # 1) is STRICKEN under Rule 12(f) of the Federal Rules of Civil Procedure.

3. Plaintiff shall replead his complaint **on or before March 1, 2022**, in conformity with Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure, the Eleventh Circuit's instructions on pleading, and the following directives:

    a. Plaintiff must list a separate count for each claim against each Defendant.

    b. Each count must include *non-conclusory* factual allegations supporting liability, including, for the constitutional claims, the personal acts of each Defendant that constitute the violation or that are causally connected to the violation.

    c. Plaintiff must omit all official capacity claims except those brought against the Commissioner of the Alabama Department of Corrections, John Hamm.

    d. Plaintiff's claim for injunctive relief must identify the relief sought in as much detail as possible.

4. The remaining portions of Defendants' motion (Doc. # 61) are DENIED without prejudice as moot.

DONE this 31st day of January, 2022.

                                                /s/   W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE